IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-00113-01-CR-W-NKL |
| | ) | |
| TODD BARKAU, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Todd B. Barkau's ("Barkau") Appeal of Magistrate's Order of Detention [Doc. # 29]. His Appeal of Magistrate's Detention Order is denied.

**I. Background**

On May 7, 2008, Barkau was indicted for crimes related to commercial sex trafficking and sexual exploitation of a child. If convicted, Barkau faces not less than 80 years in prison. The United States argues that Barkau should not be released on bail based on the violent nature of the charge; the strength of the evidence against Barkau; his transient existence; and his possession of multiple forms of identity and preparedness to leave the country. (Det. Tr., 14-19). Barkau argues that he should be released because he is married and would live with his wife and step-son in her home in Meridian, Mississippi; Barkau also has a storage unit in Meridian with his personal effects; he made his statements about fleeing over two years ago; and, he could "easily find employment"

1

upon release. (Doc. 29, 5-6). Barkau also argues that when one victim left his house in 2005, there was no longer any danger to her and there is no evidence that he has committed crimes "in the last couple of years." On June 6, 2008, United States Magistrate Judge Sarah Hays entered an Order detaining Barkau pursuant to 18 U.S.C. § 3142(e), after conducting a detention hearing pursuant to 18 U.S.C. § 3142(f).

**II.     Discussion**

The District Court reviews a magistrate judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). The purpose of a detention hearing under the Bail Reform Act is to determine if a court can impose conditions which would "reasonably assure" the defendant's appearance at all scheduled hearings and "the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The statutory scheme established by 18 U.S.C. § 1342 favors release over pretrial detention. *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985). However, if there is probable cause that a defendant has committed an offense for which the maximum sentence is ten years or more, then there is a presumption that no condition will reasonably protect the community and assure that the defendant will appear for trial. Barkau faces a sentence of ten years or more and is, therefore, subject to the presumption against release. If a defendant comes forward with evidence to rebut the presumption against release, the Court must weigh the evidence understanding that the Bail Reform Act favors pre-trial release. *See United States v. Jessup*, 757 F.2d 378, 383 (1st Cir. 1985).

When determining whether there are conditions of release that will reasonably

assure the safety of the community, the Court may consider the following:

>	(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>	(2) the weight of the evidence against the person;
>
>	(3) the history and characteristics of the person, including--
>
>	(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>	(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>	(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

18 U.S.C. § 3142(g).

Barkau is charged with serious crimes involving not only the violent sexual abuse of children but commercial gain thereupon; when he was arrested, he was in possession of two firearms and has in the past threatened to use a gun on an ex-girlfriend as well as himself. (Det. Tr., 12-15). The United States has proven that Barkau has a history of drug use and physical abuse of others. Barkau's cooperation with law enforcement at the time of his arrest is of relatively little value since he was unaware that he was being investigated for a crime at that time. Similarly, his ties to Meridian, Mississippi, do not overcome the presumption against release. *See United States v. Bailey*, 750 F. Supp. 413, 417 (W.D. Mo. 1990). Barkau is charged with serious crimes which justify his detention.

3

Accordingly, Barkau's Appeal of Magistrate's Detention Order [Doc. # 29] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 22, 2008
Kansas City, Missouri